UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 25-25715-CIV-MORENO**

SURUJDAI SUKHRAM,

Plaintiff,

vs.

CARNIVAL CORPORATION, a Panamanian Corporation d/b/a CARNIVAL CRUISE LINE,

Defendant.
_______________________________________/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Surujdai Sukhram asserts six causes of action against Defendant Carnival Corporation relating to an incident aboard a Carnival cruise ship in which Ms. Sukhram alleges that she slipped and fell on a puddle on an open deck causing her to be injured. Carnival filed a Motion to Dismiss **(D.E. 10)** arguing that Ms. Sukhram fails to state a claim upon which relief can be granted because she does not sufficiently plead actual or constructive notice of the risk-creating condition, and that Ms. Sukhram improperly pleads vicarious liability for allegations that amount to direct liability claims. THE COURT has considered the motion, the response in opposition, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion to Dismiss is **GRANTED**. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE.**

## BACKGROUND

Ms. Sukhram alleges that on or about September 8, 2024, she was a fare-paying passenger on the Carnival cruise ship *Legend* when she was walking in and about the Lido Deck pool and hot tub area when she suddenly slipped and fell. The fall caused Ms. Sukhram to sustain severe

and permanent injuries including but not limited to a fractured shoulder. The fall also caused Ms. Sukhram to incur medical expenses and experience pain, suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, and emotional distress.

Ms. Sukhram asserts six claims for relief: negligent failure to warn (Count I), negligent maintenance and failure to correct a dangerous condition (Count II), negligent design (Count III), general negligence (Count IV), and vicarious liability (Count V).

Defendant Carnival asks this Court to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. First, Carnival asks this Court to dismiss Ms. Sukhram's direct liability claims (Counts I-IV) because she does not sufficiently plead actual or constructive notice of the risk-creating condition. Second, Carnival asks this Court to dismiss Ms. Sukhram's vicarious liability claim (Count V) on several grounds, including that the vicarious liability claim does not identify any specific Carnival crewmembers who owed and breached a duty to her; that the vicarious liability claim is based on the same facts alleged in Counts I and II and is therefore duplicative; and that the nature of the vicarious liability claim amounts to allegations of negligent failure to warn and/or negligent maintenance which may only be brought as direct liability claims. The Court addresses each argument and Plaintiff's responses below.

## LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Detailed factual allegations are not required, but a complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citation omitted). The factual allegations must be enough to "raise a right to relief above the speculative level." *Id.* (citations omitted).

## DISCUSSION

To state a negligence claim, Ms. Sukhram must allege: (1) Defendant had a duty to protect her from a particular injury; (2) Defendant breached that duty; (3) the breach actually and proximately caused her injury; and (4) she suffered actual harm. *Pizzino v. NCL (Bahamas) Ltd.*, 709 F. App'x 563, 565 (11th Cir. 2017) (citing *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275, 1280 (11th Cir. 2015)). Under federal maritime law, a ship owner owes all passengers a duty of exercising reasonable care under the circumstances, "which requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1322 (11th Cir. 1989).

Actual or constructive notice of the risk-creating condition is a prerequisite to imposing liability on shipowners in cases like this. *Id.* Actual notice exists when the defendant knows about the dangerous condition. *Id.* Constructive notice exists when the defendant ought to have known of the danger. *Id.* A plaintiff can establish constructive notice by alleging "that the defective condition exist[ed] for a sufficient period of time to invite corrective measures." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (internal quotation marks omitted). A plaintiff may also "establish constructive notice with evidence of substantially similar incidents in which

conditions substantially similar to the occurrence in question must have caused the prior accident." *Id.* (internal quotation marks omitted). The notice requirement applies when a plaintiff seeks to hold a shipowner directly liable. However, "the notice requirement does not—and was never meant to—apply to maritime negligence claims proceeding under a theory of vicarious liability." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1167 (11th Cir. 2021).

## I. Notice

Carnival argues that Ms. Sukhram has not sufficiently alleged notice, which is required for her direct liability claims (Counts I-IV) to survive. More specifically, Carnival argues that that Ms. Sukhram fails to sufficiently allege constructive notice based on prior similar incidents because her claims amount to conclusory assertions with insufficient supporting facts showing that the incident at issue was substantially similar to any prior incident.

A plaintiff may establish constructive notice "with evidence of substantially similar incidents in which conditions substantially similar to the occurrence in question must have caused the prior accident." *Guevara*, 920 F.3d at 720 (internal quotation marks omitted). Ms. Sukhram alleges constructive notice on that basis here. Specifically, she claims:

> [Carnival] has received numerous prior passenger reports and has documented multiple substantially similar slip-and-fall incidents in and about the Lido Deck pool and hot tub areas across its fleet, including the Carnival *Legend*. For example, *Matthews-McGill v. Carnival Corporation*, Case No.: 1:25-cv-24971; *Jeffryes v. Carnival Corporation*, Case No.: 1:25-cv-21023; *Storch v. Carnival Corporation*, Case No. 1:25-23641; *Pavloff v. Carnival Corporation*, Case No.: 1:24-cv-24733; *Coulson v. Carnival Corporation*, Case No.: 1:24-cv-23057; and *Serrani v. Carnival Corporation*, Case No.: 1:23-cv-22334.

**(D.E. 1 at ¶ 23.c.)**.

In *Fawcett v. Carnival Corp.*, Chief Judge Altonaga held that the plaintiff adequately alleged the existence of prior similar incidents where he "identifie[d] numerous slip-and-fall events, including fall incidents on . . . wet or slippery areas of the Lido Deck of the *Magic*"

and listed "specific dates and cite[d] cases associated with these incidents." *Fawcett v. Carnival Corp.*, 682 F.Supp.3d 1106, 1111 (S.D. Fla. July 10, 2023) (internal quotation marks omitted). Similarly, in *Pride v. Carnival Corporation*, Judge Bloom held that the plaintiff "plausibly allege[d] that [Carnival] had constructive notice based on substantially similar incidents and conditions" where the plaintiff "provided full names and dates of passengers who also allegedly fell on the same ship . . . and on the same deck material." *Pride v. Carnival Corp.*, 2023 WL 6907813, at *5 (S.D. Fla. Oct. 19, 2023) (Bloom, J.).

In this case, Ms. Sukhram's limited explanation of prior similar incidents is insufficient to plead constructive notice. The Complaint alleges that "[Carnival] has received numerous prior passenger reports and has documented multiple substantially similar slip-and-fall incidents in and about the Lido Deck pool and hot tub areas across its fleet," and lists six case numbers as examples. **(D.E. 1 at ¶ 23.c.)**. Without more, such as the "full names and dates of passengers who also allegedly fell on the same ship" or "on the same deck material," *Pride*, 2023 WL 6907813, at *5, Ms. Sukhram's pleading that Carnival had constructive notice of the risk-creating condition based on prior similar incidents is insufficient. Accordingly, Counts I-IV, which allege various direct liability theories of negligence, fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## II. Vicarious Liability

Carnival moves to dismiss Ms. Sukhram's vicarious liability claim (Count V) on three grounds.

First, Carnival argues that the vicarious liability claim is insufficiently pled because it does not identify any specific Carnival crewmembers who owed and breached a duty to Ms. Sukhram. A plaintiff need not identify specific crew members by name; however, she must allege that an

identifiable employee or class of employees was negligent while acting within the scope of their employment. *See Holland v. Carnival Corporation*, 50 F.4th 1088, 1094 (citing *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011)). Ms. Sukhram does so here. The Complaint states:

> Defendant Carnival Corporation is vicariously liable for the negligence of its crew members, who were acting as its agents and/or employees within the course and scope of their employment or agency at all relevant times in one or more of the following ways:
>
> > a. Failing to reasonably inspect and monitor the subject Lido Deck area near the hot tub to timely discover and remedy spills, liquid accumulations, or other wet and slippery conditions;
> >
> > b. Failing to promptly clean up, dry, or otherwise remediate known or foreseeable spills and liquid on the flooring surface, including water overflow from the hot tub;
> >
> > c. Failing to adhere to Defendant's own policies and procedures for maintaining safe walking surfaces in high-traffic wet areas, such as routine patrols, spill response protocols, and post-refurbishment maintenance standards;
> >
> > d. Failing to place warning signs, cones, barriers, or otherwise secure the area upon discovering or being notified of the hazardous spill or liquid condition;
> >
> > e. Failing to adequately train or supervise crew members responsible for the inspection, cleaning, and maintenance of the Lido Deck hot tub area; and/or
> >
> > f. Otherwise failing to exercise reasonable care under the circumstances in maintaining a safe environment for passengers
>
> Each of the foregoing acts and omissions by Defendant's crew members, specifically those crewmembers assigned to the Lido Deck pool and hot tub area during the pertinent time of Plaintiff's incident, separately and collectively, constituted negligence for which Defendant is vicariously liable under the doctrine of respondeat superior, and directly and proximately caused Plaintiff's slip-and-fall and resulting injuries.
>
> On September 8, 2024, Defendant, through its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the

> circumstances in maintaining and creating the hazardous condition resulting in Plaintiff's slip and fall.

**(D.E. 1 at ¶¶ 51-53)**.

Courts in this District have found similar allegations sufficient to plead vicarious liability claims. *See Davis v. Carnival Corp.*, 2023 WL 5955700, at *4 (S.D. Fla. July 31, 2023) (Reid, J.) (holding that plaintiff's allegations regarding specific crew members who were in the vicinity, acting negligently, and acting within the scope of their employment were sufficiently plead); *Mclean v. Carnival Corp.*, 2023 WL 372061, at *3 (S.D. Fla. January 24, 2023) (Scola, J.) (holding that plaintiff's allegations regarding certain employees, acting negligently, and acting within the scope of their employment were sufficiently plead).

In this case, Ms. Sukhram alleges that the crew members specifically assigned to the Lido Deck pool and hot tub area owed her a duty of reasonable care; that the crew members breached their duty; and that the crew members were acting within the scope of their employment. These facts are sufficient to allege that the crew members acted negligently and that Carnival may be vicariously liable for its employees' negligent actions. Thus, Carnival's contention that the vicarious liability claim failed to identify Carnival crewmembers with sufficient specificity is unavailing.

Carnival next argues that the vicarious liability claim should be dismissed because it is based on the same facts alleged in Counts I and II and is therefore duplicative. Carnival writes, "Count I and Count V both allege the same failure by Carnival and/or its crewmembers to warn [Ms. Sukhram] of the same condition – the wet, slippery flooring in the hot tub area. . . . In a similar fashion, [Count] II and Count V both allege . . . [that] a wet, slippery surface, caused [Ms. Sukhram] to slip and fall." **(D.E. 10)**. Courts in this District have previously rejected similar arguments. For example, in *Benson v. Carnival Corp.*, the court addressed the issue of whether a

claim of vicarious liability should be dismissed on the ground that "the facts underlying the claim are duplicative of those underlying counts 1 and 2, improperly comingling the claims and allowing the Plaintiffs to plead duplicate causes of action." *Benson v. Carnival Corp.*, 2024 WL 964235, at *4 (S.D. Fla. March 6, 2024) (Scola, J.). The court held that "[a] plaintiff is entitled to plead these claims in the alternative." *Id.* Similarly, in this case, this Court rejects the notion that Ms. Sukhram's vicarious liability claim should be dismissed merely because it alleges liability based on the same factual allegations underlying Counts I and II.

Finally, Carnival argues that the vicarious liability claim should be dismissed because the nature of the employee conduct rendering Carnival vicariously liable amounts to negligent failure to warn and/or negligent maintenance, and such allegations must be brought as direct liability claims. In *Yusko v. NCL (Bahamas), Ltd.*, the Eleventh Circuit explained, "[a] plaintiff is the master of his or her complaint and may choose to proceed under a theory of direct liability, vicarious liability, or both. It may be true that, in some cases, it will be easier for a passenger to proceed under a theory of vicarious liability than under one of direct liability." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1164, 1170 (11th Cir. 2021). The Courts in this District have imputed conflicting meanings to *Yusko*. One court held that "claims for negligent maintenance and failure to warn are 'limited to a theory of direct liability,' which requires notice." *Britt v. Carnival Corp.*, 580 F.Supp.3d 1211, 1216 (S.D. Fla. 2021) (quoting *Yusko*, 4 F.4th at 1170). Another court held that "*Yusko* did not limit negligent maintenance and failure to warn claims as theories of direct liability *in all circumstances*." *Green v. Carnival Corp.*, 614 F.Supp.3d 1257, 1267 n.6 (S.D. Fla. 2022) (emphasis in original). In *Worley v. Carnival Corp.*, No. 21-23501-CIV, 2022 WL 845467 (S.D. Fla. March 22, 2022) (Moreno, J.), this Court in particular dismissed with prejudice vicarious liability counts for negligent maintenance and negligent failure to warn, finding that the plaintiff

conceded such claims were direct liability claims by their nature. *Worley*, 2022 WL 845467, * at 2.

In this case, the acts and omissions alleged in Ms. Sukhram's vicarious liability claim are the same as those at issue in her direct liability claims for negligent failure to warn and negligent maintenance. For example, the vicarious liability claim asserts that Carnival's employees failed to "reasonably inspect and monitor the subject Lido Deck area," "promptly clean up, dry, or otherwise remediate known or foreseeable spills and liquid on the flooring surface," or "place warning signs, cones, or barriers." **(D.E. 1 at ¶ 51).** The direct liability claim for negligent failure to warn similarly asserts that Carnival failed to "adequately warn [Ms. Sukhram] of the presence of pooling liquid" or "place adequate . . . caution/wet floor signs or cones in the area." Further, the direct liability claim for negligent maintenance asserts that Carnival failed to "adequately inspect the subject are for spills," "adequately dry or remove accumulated liquid from the walking surface," or "close off or restrict access to the hazardous area." Thus, the failures alleged in Ms. Sukhram's vicarious liability claim are the same as those at issue in her direct liability claims for negligent failure to warn and negligent maintenance, and are therefore "of a direct liability nature." *Worley*, 2022 WL 845467, * at 2. As such, Ms. Sukhram was required to plead that Carnival had "actual or constructive notice of the risk-creating condition." *Keefe*, 867 F.2d at 1321. Because she failed to do so, Count V fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For these reasons, it is

**ADJUDGED** that the Motion to Dismiss is **GRANTED**. Accordingly, the Complaint is **DISMISSED WITHOUT PREJUDICE**. It is further

**ADJUDGED** that Ms. Sukhram is granted leave to file an Amended Complaint, which she must do no later than **December 12, 2026**. The Amended Complaint must include relevant factual allegations supporting Carnival's actual or constructive notice of the risk-creating condition. Each of Ms. Sukhram's theories of negligence must also be supported by relevant factual allegations. Should Ms. Sukhram fail to timely file an Amended Complaint, the Court will direct the Clerk of Court to close the case.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th of November 2026.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record